UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LESLEY A. FLOOD,

     Plaintiff,

                                       Case No.
v.                                Hon.

SYSTEMS & SERVICES TECHNOLOGIES, INC.
and TRANSWORLD SYSTEMS, INC.,

     Defendants.

_____/

## NOTICE OF REMOVAL

     Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Systems & Services Technologies, Inc. and Transworld Systems, Inc. (collectively "Defendants"), hereby removes the above captioned civil action from the 6th Judicial Circuit Court for the State of Michigan, to the United States District Court for the Eastern District of Michigan.  The removal of this civil action is proper because:

     1.     Systems & Services Technologies, Inc. and Transworld Systems, Inc. are defendants in a civil action filed by plaintiff, Lesley A. Flood ("Plaintiff"), in the 6th Judicial Circuit Court for the State of Michigan, captioned as *Lesley A. Flood v. Systems & Services Technologies, Inc. and Transworld Systems, Inc.,* Case No. 2016-153202-CP (hereinafter the "State Court Action").

     2.     Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants remove the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

3.     The Complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, and Michigan state law.

4.     Removal of the State Court Action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state law claims asserted.

5.     Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal. Defendants were served with process on June 15, 2016. This Notice of Removal is being filed within 30 days from service of the Complaint.

6.     As of the date of this filing, all named defendants have been served with the State Court Action Complaint and consent to removal of the State Court Action.

7.     Attached hereto as **Exhibit A** and incorporated by reference as part of this Notice of Removal is a true and correct copy of all pleadings filed in the State Court Action.

8.     A copy of this Notice of Removal is being served upon Plaintiff and filed concurrently with the 6th Judicial Circuit Court for the State of Michigan.

9.     The 6th Judicial Circuit Court for the State of Michigan is located within the Eastern District of Michigan. Therefore, venue for purposes of removal is proper because the United States District Court for the Eastern District of Michigan embraces the place in which the removed action was pending. *See* 28 U.S.C. § 1441(a).

2

10.    Removal of plaintiff's State Court Action is proper under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendants Systems & Services Technologies, Inc. and Transworld Systems, Inc., hereby removes the State Court Action to this Honorable Court.

Respectfully submitted,

*/s/ Deborah A. Lujan*
Deborah A. Lujan, Esq.
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 351-5417
deborah.lujan@ceflawyers.com
***Attorney for Defendants,***
***Systems & Services Technologies, Inc.***
***and Transworld Systems, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2016, a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Michigan and served via CM/ECF and regular mail upon the following:

> Jan J. Rubinstein, Esq.
> The Rubinstein Law Firm
> 30150 Telegraph Road, Suite 444
> Bingham Farms, MI 48025
> (248) 220-1415
> (248) 213-6394
> E-mail: jjrubinstein@yahoo.com
> *Attorney for Plaintiff*

/s/ *Deborah A. Lujan*
Deborah A. Lujan, Esq.

# EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

STATE OF MICHIGAN
IN THE 6TH JUDICIAL CIRCUIT COURT

LESLEY A. FLOOD,
an individual,

        Plaintiff,

- vs -

SYSTEMS & SERVICES TECHNOLOGIES, INC.,
a foreign profit Corporation; and
TRANSWORLD SYSTEMS, INC.,
a foreign profit Corporation,

        Defendants.

**2016-153202-CP**
Case No.:    - CP
Hon.: **JDG JARBOU**

_____/

THE RUBINSTEIN LAW FIRM
Jan Jeffrey Rubinstein (P57937)
Ryan P. Richardville (P77335)
Attorneys for Defendant
30150 Telegraph Rd., Ste. 444
Bingham Farms, MI 48025
(248) 220-1415

_____/

## COMPLAINT AND JURY DEMAND

There was a prior civil action filed in this Court arising out of the transaction or occurrence alleged in the complaint; case no.: 2015-144994-PD.

NOW COMES Plaintiff, LESLEY A. FLOOD, by and through her attorneys, THE RUBINSTEIN LAW FIRM, and for her Complaint and Jury Demand against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC., and TRANSWORLD SYSTEMS, INC., states the following:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692 et seq., the Telephone Consumer Protection Act of 1991 (TCPA), 47 UCS § 227 et seq., the Fair Credit Reporting

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

1

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Act (FCRA) 15 USC § 1681 et seq., the Michigan Collection Practices Act (State Act), MCL § 339.901 et seq., the Michigan Consumer Protection Act, MCL § 445.902 et seq., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and common law Breach of Contract, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

<u>JURISDICTION AND VENUE</u>

2. Plaintiff, LESLEY A. FLOOD, is an individual residing at 1118 N. Edgeworth Ave. Royal Oak, MI 48067.

3. Defendant, SYSTEMS & SERVICES TECHNOLOGIES, INC., is a foreign profit corporation with a registered address at 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025.

4. Defendant, TRANSWORLD SYSTEMS, INC., is a foreign profit corporation with a registered office at 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025.

5. The amount in controversy is greater than $25,000.00

6. Venue is proper in this Court.

<u>FACTUAL ALLEGATIONS</u>

7. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

8. On or about January 31, 2007, Plaintiff purchased from non-party, RECREATION PRODUCTS, a 1999 GMR Travel Trailer.

9. Despite Plaintiff's regular payments on the account with RECREATION PRODUCTS, an alleged delinquency on the account accrued.

10. Defendant, SYSTEMS AND SERVICES TECHNOLOGIES, INC., filed a Complaint against Plaintiff, Lesley A. Flood, in the Oakland County Circuit Court, Case No.: 2015-144994-PD.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

11. That as a result of the aforementioned suit, Plaintiff and Defendant, SYSTEMS AND SERVICES TECHNOLOGIES, INC., reached and entered into a Settlement Agreement and Mutual Release of Claims.

12. On or about August 31, 2015, Plaintiff and Defendant, Systems and SERVICES TECHNOLOGIES, INC., executed the above-mentioned Settlement Agreement and Mutual Release of Claims. (Please see Settlement Agreement, attached as Exhibit "A").

13. Following the execution of the Settlement Agreement Defendant, SYSTEM & SERVICES TECHNOLOGIES, INC., sent Plaintiff a "Notice of Our Plan to Sell Prop" on or about September 4, 2015. (Please see Notice of Our Plan to Sell Prop, attached as Exhibit "B").

14. That on or about October 14, 2015 Defendant, SYSTEMS AND SERVICES TECHNOLOGIES, INC., sent to Plaintiff a Statement of Sale, indicating a Deficiency of Six Thousand Thirty Dollars and Twenty-Nine Cents. (Please see Statement of Sale, attached as Exhibit "G").

15. Following the execution of the Settlement Agreement Defendant, SYSTEM & SERVICES TECHNOLOGIES, INC., engaged Defendant, TRANSWORLD SYSTEMS, INC., for the purpose of collection on the false debt and contrary to the terms of the Settlement Agreement.

16. On or about January 12, 2016 Defendant, TRANSWORLD SYSTEMS, INC., sent to Plaintiff a notice of deficiency in the amount of One Thousand Six Hundred Twenty Dollars and Twenty Five Cents ($1,620.25). (Please see Notice of Deficiency, attached as Exhibit "C").

17. That as a result of receiving the above-mentioned Notice of Deficiency, Plaintiff, through counsel, contacted Defendant, TRANSWORLD SYSTEMS, INC., on January 25, 2016, requesting a copy of the documents showing the debt validation, and attached to it the Settlement Agreement, dated August 31, 2015 (Exhibit "A") and Stipulated Order to

3

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Dismiss without Prejudice, dated September 8, 2015.  (Please see Request for Debt Validation, and Stipulated Order of Dismissal without Prejudice, attached together as Exhibit "D").

18. That in response to Plaintiff's request through counsel, Defendant, TRANSWORLD SYSTEMS, INC., responded to Plaintiff on or about March 1, 2016 stating that Defendant has contacted the creditor with a request for a validation of account, and advised Plaintiff that the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.  (Please see Response to Request, attached as Exhibit "E").

19. That Defendant, SYSTEMS AND SERVICES, INC., did not remove the claim on Plaintiff's credit report pursuant to the Settlement Agreement, and that claim remains as of today, May 25, 2016.

20. That on or about March 29, 2016 Plaintiff submitted a Dispute of the debt to Defendant, TRANSWORLD SYSTEMS, INC. (Please see Dispute of Debt, attached as Exhibit "F").

21. That Defendant, TRANSWORLD SYSTEMS, INC., has undertaken collection methods on this satisfied debt that are abusive, deceptive and unfair, including but not limited to, calling Plaintiff on her cellular phone forty-seven (47) times within a single week.

22. That Defendant, SYSTEMS AND SERVICES TECHNOLOGIES, INC., or Defendants agent, TRANSWORLD TECHNOLOGIES, INC., has undertaken collection methods that are abusive, deceptive and unfair.

23. That as a result of the acts alleged above, Plaintiff, LESLEY A. FLOOD, has suffered actual damages, including emotional distress.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

### COUNT I - BREACH OF SETTLEMENT AGREEMENT AGAINST SYSTEMS AND SERVICES TECHNOLOGIES, INC.

24. Plaintiff incorporates and realleges the above paragraphs as if set forth in full herein.

25. Plaintiff and Defendant, SYSTEMS AND SERVICES TECHNOLOGIES, INC., entered into a Settlement Agreement on or about August 1, 2015. Please see Settlement Agreement, attached as Exhibit "A").

26. Pursuant to the Settlement Agreement the parties agreed to the following:

    i.    Lender and/or SST warrant that Lender or SST will retrieve the Collateral upon execution of this Release, which will be no later than September 1, 2015. Flood agrees to cooperate with Lender and/or SST and make the Collateral available at a mutually convenient time on or before September 1, 2015;

    ii.    Concurrently with the execution of this Agreement, Flood shall enter into a dismissal of the Counter-Complaint with prejudice and without costs to either party;

    iii.    Concurrently with the execution of this Agreement, Lender shall enter into a dismissal with prejudice as to the Complaint, accepting the 1999 GMR 55X85 GN-LQ Trailer with a VIN of 1G9AE5330XS188001 free and clear of all liens **in full satisfaction** of the Note and Loan Documents;

    iv.    Lender by execution of this Agreement, **declares that it has no claims, rights, counterclaims, defenses or other causes of action of any kind or nature, whether existing by virtue of state, federal or local law, by agreement or otherwise, against Flood,** arising out of or relating in any way to the Note, Security Agreement, or Loan Documents, and to the extent of any such claims, rights, counterclaims or other causes of action may exist as of the execution of this Agreement, whether known or unknown, accrued or unaccrued, disputed or undisputed, liquidated or contingent, in contract, tort, at law or in equity, such items are hereby forever waived, relinquished, discharged and released as to Flood and her successors and assigns;

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

    v.    This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other party. Each of the Parties hereto denies any liability in connection with any claims and intends hereby solely to terminate and avoid litigation and buy peace;

    vi.    Flood, Lender and their respective counsel shall not release, disseminate, transmit, or discuss any of the terms and or conditions of this Agreement with any person(s), or otherwise allow the terms and conditions of this Agreement to be disseminated, or released except to or between the Parties to this action and their counsel of record, to any bank regulator, the parties tax and accounting advisors, and Flood in the application for credit, in the enforcement of the terms contained herein, or in complying with a subpoena;

27. Defendant has breached the Settlement Agreement by continuing to pursue the false debt including, but not limited to selling and/or assigning the debt to Defendant, TRANSWORLD SYSTEMS, INC., publishing the same to TRANSWORLD SYSTEMS, INC., and failing and/or neglecting to remove claims of the alleged debt from Plaintiff's credit report after Plaintiff faithfully upheld all terms of the Settlement Agreement.

28. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendant, SYSTEMS & SERVICES TECHNOLOGIES, INC., in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

## COUNT II - VIOLATIONS OF THE FDCPA

29. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

30. Defendants, SYSTEMS AND SERVICES TECHNOLOGIES, INC., and TRANSWORLD SYSTEMS, INC., violated the FDCPA. The violations by the Defendants, include, but are not limited to the following:

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

a.      Publication of Plaintiff's alleged refusal to pay debts;

b.      Causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

c.      Placement of telephone calls without meaningful disclosure of the caller's identity.

31. As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC., and TRANSWORLD SYSTEMS, INC., jointly and severally, as follows:

a.   Actual damages and statutory damages of $1,000 pursuant to the FDCPA;

b.   Treble damages or $150, whichever is greater, pursuant to the Michigan Collection Practices Act;

c.   Costs and reasonable attorney fees pursuant to 15 USC § 1692 (k) and MCL § 339.916 (2).

**COUNT III – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT**

32. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

33. Defendants violated the Michigan Collection Practices Act. Defendants' violations include, but are not limited to, the following:

a.      Communicating with a Plaintiff in a misleading and deceptive manner;

c.      Communicating with Plaintiff without accurately disclosing the caller's identity;

7

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

    f.     Publication of Plaintiff's alleged refusal to pay debts;

    g.     Causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

34. As a result of Defendants' willful violations of the Michigan Collection Practices Act, Plaintiff suffered actual damages, including emotional distress, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC., and TRANSWORLD SYSTEMS, INC., jointly and severally, as follows:

    a.    Actual damages and statutory damages of $1,000.00 pursuant to the FDCPA;

    b.    Treble damages or $150.00, whichever is greater, pursuant to the Michigan Collection Practices Act;

    c.    Costs and reasonable attorney fees pursuant to 15 USC § 1692 (k) and MCL § 339.916 (2).

## COUNT IV – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 AGAINST DEFENDANT TRANSWORLD SYSTEMS, INC.

35. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

36. Plaintiff maintains a cellular telephone through a single carrier.

37. The service for Plaintiff's cellular phone is via a "cellular telephone service" as described in 47 USC § 227 (b) (1) (A) (iii).

38. Plaintiff maintains her cell phone to maintain personal contacts with family and friends and for emergency contact.

39. In early 2016, Defendant launched a collection campaign against Plaintiff, to collect an account on behalf of its client, SYSTEMS AND SERVICES TECHNOLOGIES, INC.

8

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

40. Over the next months, Defendant called Plaintiff in some periods multiple times in a week and, on some days, multiple times in a day calling her on her cell phone over forty-seven (47) times.

41. Plaintiff does not have an account with Defendant, SYSTEMS AND SERVICES TECHNOLOGY, INC., and does not owe any money on such an account.

42. Plaintiff regularly answered these calls, only to be met with, vulgar, abusive, and threatening language, as well as empty threats that of warrants in existence for Plaintiff's arrest.

43. The delinquent balance on the account constituted an alleged "debt" for purposes of 15 USC § 1692 (a) (5).

44. Plaintiff never gave her consent to Defendants to call her cell phone.

45. Plaintiff does not know how the account came to be associated with her cellular phone.

46. Each of the calls at issue in this Complaint occurred within the preceding four years.

47. The calls from Defendant have caused numerous interruptions and disruptions of Plaintiff's work, social engagements, and recreation.

48. As a result of Defendant's wrongful conduct, Plaintiff has suffered damages.

49. Defendant has negligently violated the TCPA, 47 USC § 227 et seq., in relation to Plaintiff.

50. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of $500.00 for each and every call in violation of the statute.

51. Alternatively, Defendant has knowingly or willfully violated the TCPA in relation to Plaintiff.

52. As a result of Defendant's willful violations of the TCPA, Plaintiff may recover statutory damages of up to $1,500.00 per call in violation of the statute.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendant, TRANSWORLD SYSTEMS, INC., granting statutory damages and award costs and attorney fees.

### COUNT V – VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS

53. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

54. Defendants violated 15 USC § 1681 (e) (b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55. Defendants' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 USC §1681 (n). In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681 (o).

56. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to be determined by the court pursuant to 15 USC § 1681 (n) and/or § 1681 (o).

57. Defendants violated 15 USC § 1681 (i) by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of the inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher at issue; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying on verification from a source it has reason to know is unreliable.

58. Defendants' conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 USC § 1681 (n). In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 USC § 1681 (o).

59. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the court pursuant to 15 USC § 1681 (n) and/or § 1681 (o).

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGY, INC., and TRANSWORLD SYSTEMS, INC., for compensatory and punitive damages, costs and reasonable attorney fees, prejudgment and post-judgment interest at the legal rate, and any other relief as this court deems just and proper.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

60. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

61. In 2016, Defendants, SYSTEMS AND SERVICES, INC., and TRANSWORLD SYSTEMS, INC., began a systematic effort of harassment against Plaintiff which consisted of repetitive, vulgar and intrusive phone calls to Plaintiff, as well as telephone calls to Plaintiff's family, neighbors, coworkers and friends, which claimed that Plaintiff had a warrant issued for her arrest and that Plaintiff had defaulted on her payment obligations.

62. Defendants' actions which caused harassing and defamatory communications and its inactions to remedy the systematic policy of harassment after it was discovered, constitute negligence.

63. Defendants' negligence proximately caused the injuries to Plaintiff, LESLEY A. FLOOD.

64. The events described above would naturally and probably result in emotional distress.

65. The events described above caused severe emotional distress to Plaintiff.

66. The emotional distress suffered by Plaintiff physically manifested itself in symptoms including, but not limited to:

  a.  Sleeplessness;

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

11

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

b.      Increased anxiety;

c.      Headaches;

d.      Crying spells; and

e.      Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC., AND TRANSWORLD SYSTEMS, INC., jointly and severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

### COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

68. Defendants' conduct as outlined above was intentional.

69. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

70. Defendants' conduct as outlined above was for an ulterior motive or purpose.

71. Defendants' conduct resulted in severe and serious emotional distress.

72. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in the manner outlined above.

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC AND TRANSWORLD SYSTEMS, INC., jointly and severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

## COUNT VIII – DECLARATORY AND INJUNCTIVE RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

73. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

74. Defendants are engaged in "trade or commerce" within the meaning of MCL § 445.902 (1) (g) of the MCPA.

75. Plaintiff is a "person" within the meaning of MCL § 445.902 (1) (d) of the MCPA.

76. The acts of Defendants as stated above constitute a violation of the MCPA.

77. Unless restrained by the Court, Defendants will continue to violate the MCPA.

78. Pursuant to MCL § 445.911 (1) (a) and (b), Plaintiff requests relief as follows:

a.) That the Court, pursuant to MCL § 445.911 (1) (a), enter a declaratory judgment declaring that Defendants, by engaging in prohibited activity under the FDCPA, FCRA, TCPA violated the Michigan Consumer Protection Act;

b.) That the Court, pursuant to MCL § 445.911 (1) (b), enter an order commanding Defendants to take whatever corrective action the Court deems just including, but not limited to, refraining from contacting Plaintiff, Lesley A. Flood, about the alleged debt herein.

c.) That the Court award Plaintiff costs and reasonable attorney fees.

## COUNT VIIII– INDIVIDUAL RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

79. Plaintiff incorporates by reference all above paragraphs as if set forth in full herein.

80. Plaintiff is a person who has suffered a loss within the meaning of MCL § 445.911 (2).

WHEREFORE, Plaintiff, LESLEY A. FLOOD, respectfully requests that this Honorable Court enter a monetary judgment against Defendants, SYSTEMS & SERVICES TECHNOLOGIES, INC., AND

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

TRANSWORLD SYSTEMS, INC., jointly and severally, pursuant to MCL § 445.911 (2) for the actual damages she sustained or $250, whichever is greater, together with reasonable attorney fees, interest, and costs.

Respectfully Submitted,
The Rubinstein Law Firm

Dated: May 25, 2016                    Jan Jeffrey Rubinstein (P57937)

14

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

**JURY DEMAND**

Please Take Notice that Plaintiff, LESLEY A. FLOOD, hereby makes a demand for a jury trial pursuant to MCR 2.508(B).

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

By: _____
Jan Jeffrey Rubinstein (P57937)

Dated: May 26, 2016

# Exhibit "A"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

## SETTLEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement and Mutual Release of Claims (the "Agreement") is made this 31 day of August, 2015 (the "Effective Date") by and among Systems and Services Technologies, Inc. ("SST"), Sun Trust Bank, their predecessors, successors and or assigns ("Lender" ), and Leslie A. Flood ("Flood") collectively referred to as "Parties" and sometimes individually as a "Party."

A.     Lender filed a Complaint against Flood in the Oakland County Circuit Court Case No. 2015-144994-PD alleging:

1.   Flood borrowed the initial sum of Twenty Three Thousand Seven Hundred Seventeen and 20/100 ($23,717.20) dollars from Lender's predecessor GE Money Bank  on January 31, 2007 account number #XXXXX7282 ("Loan") which is now held by Sun Trust Bank, and serviced by Systems and Services Technologies, Inc.

2.   Flood executed a Retail Installment and Security Agreement collectively the  promissory note ("Note") and security documents  ("Loan Documents") which granted a security interest in and to a 1999 GMR 55X85 GN-LQ Trailer with a VIN of 1G9AE5330XS188001 ("Collateral").

3.   Flood failed to make payments as required by the Loan Documents.

4.   To collect the sums claimed due under the Loan Documents

5.   To obtain possession of the Collateral ("Complaint").

B.     Flood filed a counter-suit alleging violations of the  Fair Debt Collection Practices Act, the Michigan Collection Practices Act,   the Telephone Consumer Protection Act, Negligent Hiring/ Supervision, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and Defamation ("Counter-

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Complaint").

C.    Flood denies the allegations contained in the Complaint

D.    Lender denies all allegations as contained in the Counter-Complaint.

E.    Lender, SST and Flood have agreed to a settlement and dismissals with prejudice and with out costs as to the Complaint and the Counter-Complaint, upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, for and in consideration of the amounts, terms, conditions, promises and covenants set forth in this Agreement, the terms and sufficiency of which are hereby agreed to, and intending to be legally bound, Lender, SST and Flood agree as follows:

1.    Each party has received independent legal advice from their own attorneys with respect to the advisability of making the settlement provided for herein, and with respect to the advisability of executing this Agreement.

2.    Flood shall, concurrently with the execution of this Agreement, execute any and all documents necessary to release, and transfer title to Lender, the 1999 GMR 55X85 GN-LQ Trailer with a VIN of 1G9AE5330XS188001, free and clear of all liens and or claims whatsoever, including but not limited to any claims for repairs and/or storage.

3.    Flood represents and warrants that the condition of the 1999 GMR 55X85 GN-LQ Trailer with a VIN of 1G9AE5330XS188001 is in the same condition as of the date of inspection by Lender on June 11, 2015 ("Inspection Date"), no damage has occurred to the Collateral, nor have any items been removed from the Collateral since the Inspection Date.

4.    Lender and/or SST warrant that Lender or SST will retrieve the Collateral upon execution of this Release, which will be no later than ~~August 31, 2015~~. *September 1, 2015* Flood agrees to cooperate with Lender and/or SST and make the Collateral available at a mutually

-2-

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

convenient time on or before September 1, 2015.

5.      Concurrently with the execution of this Agreement, Flood shall enter into a dismissal of the Counter-Complaint with prejudice and without costs to either party.

6.      Concurrently with the execution of this Agreement, Lender shall enter into a dismissal with prejudice as to the Complaint, accepting the 1999 GMR 55X85 GN-LQ Trailer with a VIN of 1G9AE5330XS188001 free and clear of all liens in full satisfaction of the Note and Loan Documents.

7.      Flood represents, warrants, and covenants that she has the full right, power and authority to enter into this Agreement.

8.      Lender represents, warrants, and covenants that it has the full right, power and authority to enter into this Agreement.

9.      Flood, by execution of this Agreement, declares that she has no claims, rights, counterclaims, defenses or other causes of action of any kind or nature, whether existing by virtue of state, federal, or local law, by agreement or otherwise, against SST and Lender, arising out of or relating in any way to the Note or Loan Documents, the origination, servicing, collection, repossession or otherwise, and to the extent of any such claims, rights, counterclaims, defenses or other causes of action may exist as of the execution of this Agreement as to any party or non-party to the Complaint or Counter-Complaint, whether known or unknown, accrued or unaccrued, disputed or undisputed, liquidated or contingent, in contract, tort, at law or in equity, such claims are hereby forever waived, relinquished, discharged and released, as to Lender , SST, and their predecessors, successors, assigns, affiliates, contractors, subcontractors, and their directors, officers, members, shareholders, agents, employees and attorneys.

10.      Lender by execution of this Agreement, declares that it has no claims, rights, counterclaims, defenses or other causes of action of any kind or nature, whether existing by virtue of state, federal, or local law, by agreement or otherwise, against the

- 3 -

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Flood, arising out of or relating in any way to the Note, Security Agreement, or Loan Documents, and to the extent of any such claims, rights, counterclaims, defenses or other causes of action may exist as of the execution of this Agreement, whether known or unknown, accrued or unaccrued, disputed or undisputed, liquidated or contingent, in contract, tort, at law or in equity, such items are hereby forever waived, relinquished, discharged and released, as to Flood and her successors and assigns.

11. No threat, promise, representation of any kind has been made by any Party hereto or anyone acting on behalf of any Party hereto, except as expressly stated in this Agreement.

12. This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party. Each of the Parties hereto denies any liability in connection with any claims and intends hereby solely to terminate and avoid litigation and buy peace.

13. The terms and conditions contained in this Agreement, and all negotiations relating thereto, shall remain confidential. Flood shall refrain from making any defamatory comments about Lender, SST or about any of Lenders or SST's predecessor's, affiliates, parents, holding companies, subsidiaries, directors, officers, representatives and employees.

14. Flood, Lender and their respective counsel shall not release, disseminate, transmit, or discuss any of the terms and or conditions of this Agreement with any person(s), or otherwise allow the terms and conditions of this Agreement to be disseminated, or released except to or between the Parties to this action and their counsel of record, to any bank regulator, the parties tax and accounting advisors, and Flood in the application for credit, in the enforcement of the terms contained herein, or in complying with a subpoena..

- 4 -

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

15.     This Agreement is the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.

16.     Should any part of this Agreement for any reason be declared by a court of competent jurisdiction to be invalid and not otherwise enforceable, such decision shall not affect the validity of any remaining parts, which remaining parts shall continue in full force and effect.

17.     The existence, validity, construction and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the State of Michigan.

18.     This Agreement sets forth the entire agreement between the undersigned, and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

19.     This Agreement may be modified, but only if the modification is in writing and signed by the undersigned to this Agreement.

20.     This Agreement may be executed in counter-parts and when executed by the Parties, shall be deemed one and the same Agreement binding on the Parties.


**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.**

IN WITNESS WHEREOF, the undersigned have set their hands:

Systems & Services Technologies, Inc., as
loan servicer for Sun Trust Bank

By: _Stephen J Bowe_
It's: Compliance Officer
Print Name: Stephen J Bowe
Dated: _August 31, 2015_

On this day before me, the undersigned Notary Public, personally appeared
_Stephen J. Bowe_ to me known to be the person described in and who
executed the foregoing instrument, and acknowledged that he/she executed the same as
his/her free act and deed.

Subscribed and sworn to before me
this _31_ day of _August_, 2015.

_Dorthy Robinson_
NOTARY PUBLIC
My commission expires: _4-29-19_
_Buchanan_ County, State of Michigan Missouri
Acting in _Buchanan_ County

Lesley A. Flood

_Lesley A Flood_
Individually

Dated: _____
On this day before me, the undersigned Notary Public, personally appeared  Lesley A.
Flood   to me known to be the person described in and who executed the foregoing
instrument, and acknowledged that he/she executed the same as his/her free act and
deed.

Subscribed and sworn to before me
this ____ day of _____, 2015.

_____
NOTARY PUBLIC
My commission expires: _____
_____ County, State of _____
Acting in _____ County

- 6 -

# Exhibit "B"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32



**SST**
Systems & Services Technologies, Inc.

From:  SunTrust Bank
c/o Systems & Services Technologies,
P.O. Box 3999
St Joseph, MO 64503
Phone: 800-789-8001

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

| Date of Repossession | 09/02/2015 |
|---|---|
| Date of Notice 9/4/2015 | Date of Contract 01/31/2007 |
| Account Number | 28517282 |
| Buyer | Lesley A Flood |
| Cobuyer | |

### DESCRIPTION OF PROPERTY

| Year 1999 | Make GMR | ☐ New ☒ Use |
|---|---|---|

Vehicle Identification Number
**1G9AE5330XS188001**

| Model 8555 GN LQ | Body |
|---|---|

Lesley A Flood
1118 N Edgeworth
Royal Oak, MI 48067-0000

## NOTICE OF OUR PLAN TO SELL PROP

We have your property described above because you broke promises in our agreement.

[X] **PRIVATE SALE:** We will sell the property described above at private sale sometime after 15 days from the Date of Notice shown above.

[ ] **PUBLIC SALE :** We will sell the property described above at public sale to the highest bidder on the date below ( or any adjournment date ). The sale will be held as follows.

| Date of Sale | Place of Sale |
|---|---|
| | 573 South Tuscola Rd Bay City, MI 48708 |

You may attend the sale and bring bidders if you want.

The money that we get from the sale (after paying our costs, including reasonable attorney's fees and legal expenses if permitted by law) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To learn the exact amount you must pay, call us at the telephone number above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number above, or write us at the address above and request a written explanation.

If you need more information about the sale call us at the telephone number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) The buyer and any cobuyer named above; 2) Any dealer/original creditor named below; 3) If there are other people, they are named on an attachment sent with this notice.

[ ] The property has been (or will be) returned to : _____

Under our agreement with your dealer/original creditor, the dealer/original creditor is to sell the property and pay you any money left over.  If you owe money after sale, you will pay it to the dealer/original creditor.

[X] PERSONAL PROPERTY : Any personal property found in the vehicle may be reclaimed by you within the next 60 days or, in accordance with state law, by contacting this office.  Thereafter, the personal property shall be disposed of accordingly.

PAYMENTS:  All payments to us must be by certified check or money order.

MILEAGE DISCLOSURE:  If you are aware that the mileage reflected on the vehicle's odometer is not accurate for any reason, please contact us so that we can accurately report the vehicle's mileage.

INSURANCE RIGHTS:  If you don't want to get your property back, call the insurance company or the dealer/original creditor to make sure that any insurance has been cancelled.  You have a right to get credit for all premium refunds.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

## IMPORTANT INFORMATION

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

The account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or otherwise provided by state law.

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

Notice for California and Utah Residents: As required by the California Consumer Credit Reporting Agencies Act and as required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO MASSACHUSETTS RESIDENTS: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

To New York City Residents: This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License # 1308705.

To North Carolina Residents: This agency is licensed by the North Carolina Department of Insurance; License #102795.

To Tennessee Residents: This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

# Exhibit "C"

PO Box 15618
Dept. 940
Wilmington, DE 19850-5618
940.1084.TSIM

Transworld Systems Inc.
150 Crosspoint Parkway
Getzville, NY 14068
888-899-5950

Calls to or from this company may be monitored
or recorded for quality assurance.

Date: January 12, 2016
Our Account #: 56423828
Creditor: SUNTRUST
Former Creditor:
Creditor's Account #: 28517282 NAA1
Current Balance Due: $1620.25
This Balance is a Sum of Balances from 1 Account(s).

116162 - 21
LESLEY A FLOOD
1118 N EDGEWORTH AVE
ROYAL OAK MI  48067-1563

Your account(s) was/were sold to the creditor(s) listed in this letter. Transworld Systems Inc. is the servicer of the account(s).

It is our intention to work with you to resolve the collection account(s).

However, if you fail to resolve the collection account(s), the account(s) may be reported to all national credit bureaus following the expiration of the validation period described below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET).

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

# Exhibit "D"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

January 25, 2016

Transworld Collection Agency

Re:  Debt of Lesley Flood

To whom it may concern:

I am requesting that you send me a copy of the documents showing the debt validation. This matter has been released in a legal proceeding.

Enclosed is a copy of the release and dismissal of the lawsuit.

You MAY NOT contact me regarding this matter except to send me the validation of debt in the mail. If you have any further questions or concerns  you are to contact my attorney:

Jan Rubenstein, ESQ.
The Rubenstein Law Firm
30150 Telegraph Road.
Suite: 444
Bingham Farms, MI  48025
248-220-1415

Lesley Flood

wwr#20787424

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32
Received for Filing Oakland County Clerk 2015 SEP 08 PM 02:56

## STATE OF MICHIGAN

## IN THE 6TH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SYSTEMS & SERVICES TECHNOLOGIES, INC.,
as authorized servicing for
SUN TRUST BANK,

        Plaintiff/Counter-Defendant,

vs.

LESLEY A. FLOOD,

        Defendant/Counter-Plaintiff.

Case No. 2015-144994-PD
Hon. Colleen A. O'Brien

| WELTMAN, WEINBERG & REIS CO., LPA | THE RUBINSTEIN LAW FIRM |
|---|---|
| By:   Stuart A. Best (P40744) | By:   Jan Jeffrey Rubinstein (P57937) |
|       William M. Clos (P65113) |       Gregory B. Paddison (P75963) |
| Attorneys for Plaintiff/Counter-Defendant | Attorneys for Defendant/Counter-Plaintiff |
| 2155 Butterfield Drive, Suite 200-S | 30150 Telegraph Road, Suite 444 |
| Troy, Michigan 48084 | Bingham Farms, Michigan 48025 |
| (248) 362-6100 | (248) 220-1415 |

## STIPULATED ORDER FOR DISMISSAL WITH PREJUDICE

At a session of said Court held in the City of
Pontiac, County of Oakland, State of Michigan
on SEP 08 2015

Present: Hon. Colleen A. O'Brien
Circuit Court Judge

This matter having come before this Court upon the parties' stipulation and this Court being otherwise fully advised in the premises herein:

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant's Complaint is hereby dismissed with prejudice and without costs as to either party;

**IT IS FURTHER ORDERED** that Defendant/Counter-Plaintiff's Counter-Complaint is hereby dismissed with prejudice and without costs as to either party.

**IT IS SO ORDERED.**

wwr#20787424



/s/ Judge Colleen A. O'Brien
CIRCUIT COURT JUDGE
COLLEEN A. O'BRIEN                    KE

**THIS ORDER DOES RESOLVE THE LAST PENDING CLAIM
AND DOES CLOSE THE CASE.**

## STIPULATION

Entry of the above order is hereby stipulated to by all parties of record.

APPROVED AS TO FORM AND CONTENT
NOTICE OF ENTRY WAIVED

/s/Stuart A. Best                          /s/Jan Jeffrey Rubinstein
**Stuart A. Best (P40744)**                **Jan Jeffrey Rubinstein (P57937)**
Attorney for Plaintiff                     Attorney for Defendant

Dated: September 8, 2015                    Dated: September 8, 2015

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32
Received for Filing Oakland County Clerk 2015 SEP 08 PM 02:56

# Exhibit "E"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32



**tsi**

Transworld Systems Inc.
507 Prudential Rd | Horsham, PA 19044
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

3/1/2016

LESLEY FLOOD
C/O: JAN RUBENSTEIN, ESQ.
30150 TELEGRAPH RD STE 444
BINGHAM FARMS, MI 48025

Re:   Our Reference No(s).        Creditor                          Current Balance Due
      56423828 TSIM              SUNTRUST                                  $1,637.08
                                 Account No.: 28517282 NAA1

Dear LESLEY FLOOD:

Thank you for your inquiry regarding the above-referenced account(s).

Please be advised that we have contacted the creditor with a request for validation of account 56423828 TSIM. We will forward any materials we receive as a result of our request for account 56423828 TSIM to your attention for your review and consideration.

Please be advised that your client's account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

According to our files, we have not reported account 56423828 TSIM to a credit bureau. Please be advised that we cannot effect a change to how any other company or entity may have listed the account on your client's credit profile.

Federal and State law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at https://www.transworldpayments.com or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Erik Podbutzky
Production Supervisor, Consumer Affairs

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded for quality assurance.

Page 1 of 1

# Exhibit "F"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

 **TransUnion.** ONLINE DISPUTE SERVICE

## Request Submitted

**Thank you! Your request has been submitted.**

Review the instructions below. To close the browser window, click Close.

### Dispute Resolution Steps

| CURRENT FILE | FILE NUMBER | 361778178 | NAME | LESLEY A. FLOOD |
|---|---|---|---|---|
| | REPORT DATE | 03/29/2016 | ADDRESS | 1118 N EDGEWORTH AVE ROYAL OAK, MI 48067-1563 |

**What will happen next?**

1. If you have any documentation to support your dispute claim, you may provide the information to us via mail at: P.O. Box 2000 Chester PA 19016. Please remember to include your File Identification Number on all correspondence to TransUnion.

2. We will send a confirmation e-mail to your registered e-mail address within five business days. After you receive the confirmation e-mail, you can come online to check investigation status at any time.

3. We will change the information or contact the data provider to verify the information you requested to investigate. We will send an investigation resolution notification to your registered e-mail address within thirty days.

4. After you receive the investigation resolution notification, you may log into your account to view the investigation resolution and a corrected copy of your TransUnion Personal Credit Report. You must log in within 30 days of receiving the investigation resolution notification

©2012 TRANSUNION LLC. ALL RIGHTS RESERVED.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

# Exhibit "G"

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32



**SST**
SYSTEMS & SERVICES TECHNOLOGIES, INC.
*An EGS Company*

MAILED VIA CERTIFIED#
DATE 10 15 15 BY

**STATEMENT OF SALE**

October 14, 2015

Lesley A Flood
1118 N Edgeworth
Royal Oak,  MI  48067-0000          Creditor/Secured Party: SunTrust Bank

| Year | Make | Model | | | |
|------|------|-------|---|---|---|
| 1999 | GMR | 8555 GN LQ | **Account Number**    28517282 | | |
| | | | **VIN Number**   1G9AE5330XS188001 | | |

| | Additions | Deductions | Balance |
|---|---|---|---|
| Gross balance owing on your contract | | | 23,034.91 |
| Deduct: Insurance/Warranty/Rebate | | 0.00 | |
| Balance owing prior to sale | | | 23,034.91 |
| Deduct: Gross proceeds from sale | | 20,235.20 | |
| Balance less gross proceeds from sale | | | 2,799.71 |
| Add:  Expenses of retaking and storing, and any attorneys' fees allowed by law, and expenses of reconditioning and selling. | 3,062.64 | | |
| PHYSICAL DAMAGE INSURANCE PAYOFF | | 0.00 | |
| Other Expenses | 167.94 | | |
| DEFICIENCY | | | 6,030.29 |

The Surplus/Deficiency will change based on monies received by us (credits) or additional allowed expenses added to your account (debits).
Surplus - If the sale resulted in a surplus, a refund for the difference will be mailed to you.

Deficiency - If the sales resulted in a deficiency, you should immediately remit the amount shown  to the address for payments shown below.

☐   Uncollectible
      Deficiency          We cannot collect the deficiency shown.  You are not liable for this deficiency.

☐   Bankruptcy
      Surplus             The surplus will be paid to the Bankruptcy Trustee for distribution in compliance with
                          federal bankruptcy law.

☐   Bankruptcy        The deficiency will be handled in compliance with federal bankruptcy law.

Hours of Operation: Monday through Friday from 7am-10pm CT, Saturday from 8am-12pm CT
Correspondence Address: P.O. Box 3999 St. Joseph, MO 64503-0999
Physical Address: 4315 Pickett Road St. Joseph, MO 64503-1600
Payment Address: P.O. Box 3777 St. Joseph, MO 64503-3777
Toll Free Telephone: (800) 789-8001

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

8517282 - 102-2200

## IMPORTANT INFORMATION

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

The account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or otherwise provided by state law.

**We may report information about your account to credit bureaus. Late payment, missed payments, or other defaults on your account may be reflected in your credit report.**

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

Notice for California and Utah Residents: As required by the California Consumer Credit Reporting Agencies Act and as required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO MASSACHUSETTS RESIDENTS: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

To New York City Residents: This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License # 1308705.

North Carolina Permit #102795.

To Tennessee Residents: This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

Received for Filing Oakland County Clerk 2016 MAY 26 AM 10:32

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

STATE OF MICHIGAN
IN THE 6th JUDICIAL CIRCUIT COURT

LESLEY A. FLOOD,

        Plaintiff,

v.

SYSTEMS & SERVICES TECHNOLOGIES, INC.
and TRANSWORLD SYSTEMS INC.,

        Defendants.

Case No. 2016-153202-CP

Honorable Judge Jarbou

## DEFENDANT, SYSTEMS & SERVICES TECHNOLOGIES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Systems & Services Technologies, Inc. ("SST"), through counsel and under the Michigan Rules of Civil Procedure, hereby responds to the complaint filed by Plaintiff, Lesley A. Flood (plaintiff), and states:

### INTRODUCTION

1.    SST admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., the Michigan Collection Practices Act (State Act), MCL § 339.901, et seq., the Michigan Consumer Protection Act, MCL § 445.902, et seq., and common law breach of contract, intentional infliction of emotional distress and negligent infliction of emotional

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

distress, but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, TSI denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2.    Upon information and belief, SST admits the allegations in ¶ 2.

3.    SST admits the allegations in ¶ 3.

4.    SST denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.    SST denies the allegations in ¶ 5.

6.    Upon information and belief, SST admits venue is proper.  Except as expressly admitted, SST denies the allegations in ¶ 6.

## FACTUAL ALLEGATIONS

7.    SST reasserts the foregoing as if fully stated herein.

8.    Upon information and belief, SST admits the allegations in ¶ 8.

9.    SST denies the allegations in ¶ 9.

10.    SST admits the allegations in ¶ 10.

11.    SST admits the allegations in ¶ 11.

12.    Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 12 state otherwise, denied.

13.    Exhibit B speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 13 state otherwise, denied.

14.    Exhibit G speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 14 state otherwise, denied.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

15.   SST denies the allegations in ¶15.

16.   Exhibit C speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 16 state otherwise, denied.

17.   Exhibit A and Exhibit D speak for themselves and are the best evidence of their content.  To the extent the allegations in ¶ 17 state otherwise, denied.

18.   Exhibit E speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 18 state otherwise, denied.

19.   SST denies the allegations in ¶ 19.

20.   Exhibit F speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 20 state otherwise, denied.

21.   SST denies the allegations in ¶ 21.

22.   SST denies the allegations in ¶ 22.

23.   SST denies the allegations in ¶ 23.

## COUNT I- BREACH OF SETTLEMENT AGREEMENT AGAINST SST

24.   SST reasserts the foregoing as if fully stated herein.

25.   Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 25 state otherwise, denied.

26.   Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 26 state otherwise, denied.

27.   SST denies the allegations in ¶ 27.

28.   SST denies the allegations in ¶ 28.

## COUNT II- VIOLATIONS OF THE FDCPA

29.  SST reasserts the foregoing as if fully stated herein.

30.  SST denies the allegations in ¶ 30 and in each of its subparts.

31.  SST denies the allegations in ¶ 31.

### COUNT III- VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

32.  SST reasserts the foregoing as if fully stated herein.

33.  SST denies the allegations in ¶ 33 and in each of its subparts.

34.  SST denies the allegations in ¶ 34.

### COUNT IV- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 AGAINST DEFENDANT TRANSWORLD SYSTEMS, INC.

35.  SST reasserts the foregoing as if fully stated herein.

36.  SST denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37.  SST denies the allegations in ¶ 37 as calling for a legal conclusion.

38.  SST denies the allegations in ¶ 38.

39.  SST denies the allegations in ¶ 39.

40.  SST denies the allegations in ¶ 40.

41.  SST denies the allegations in ¶ 41.

42.  SST denies the allegations in ¶ 42.

43.  SST denies the allegations in ¶ 43 as calling for a legal conclusion.

44.  SST denies the allegations in ¶ 44 as calling for a legal conclusion.

45.  SST denies the allegations in ¶ 45.

46.  SST denies the allegations in ¶ 46

47.  SST denies the allegations in ¶ 47.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

48.     SST denies the allegations in ¶ 48.

49.     SST denies the allegations in ¶ 49.

50.     SST denies the allegations in ¶ 50.

51.     SST denies the allegations in ¶ 51.

52.     SST denies the allegations in ¶ 52.

## COUNT V- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS

53.     SST reasserts the foregoing as if fully stated herein.

54.     SST denies the allegations in ¶ 54.

55.     SST denies the allegations in ¶ 55.

56.     SST denies the allegations in ¶ 56.

57.     SST denies the allegations in ¶ 57.

58.     SST denies the allegations in ¶ 58.

59.     SST denies the allegations in ¶ 59.

## COUNT VI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

60.     SST reasserts the foregoing as if fully stated herein.

61.     SST denies the allegations in ¶ 61.

62.     SST denies the allegations in ¶ 62.

63.     SST denies the allegations in ¶ 63.

64.     SST denies the allegations in ¶ 64.

65.     SST denies the allegations in ¶ 65.

66.     SST denies the allegations in ¶ 66 and in each of its subparts.

**COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

67.   SST reasserts the foregoing as if fully stated herein.

68.   SST denies the allegations in ¶ 68.

69.   SST denies the allegations in ¶ 69.

70.   SST denies the allegations in ¶ 70.

71.   SST denies the allegations in ¶ 71.

72.   SST denies the allegations in ¶ 72.

**COUNT VIII- DECLARATORY AND INJUNCTIVE RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEENDANTS**

73.   SST reasserts the foregoing as if fully stated herein.

74.   SST denies the allegations in ¶ 74 as calling for a legal conclusion.

75.   SST denies the allegations in ¶ 75 as calling for a legal conclusion.

76.   SST denies the allegations in ¶ 76.

77.   SST denies the allegations in ¶ 77.

78.   SST denies the allegations in ¶ 78 and in each of its subparts.

**COUNT IX- INDIVIDUAL RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS**

79.   SST reasserts the foregoing as if fully stated herein.

80.   SST denies the allegations in ¶ 80.

**AFFIRMATIVE DEFENSES**

1.   To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

2.    SST denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of SST's purported violations.

3.    One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4.    Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.    Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than SST and were beyond the control or supervision of SST or for whom SST was and is not responsible or liable.

6.    Plaintiff has failed to state a claim against SST upon which relief may be granted.

7.    One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

8.    Plaintiff consented and authorized calls to the phone number in question.

9.    The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10.    The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11.    To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12.    To the extent plaintiff was not the intended recipient of the calls, she has no standing to assert the claim.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

13. The plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Original Complaint

WHEREFORE, SST requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Deborah A. Lujan
Deborah A. Lujan, Esq.
Collins, Einhorn, Farrell & Ulanoff, PC
4000 Town Center, 9th Floor
Southfield, MI 48075
Phone: (248) 351-5417
Facsimile: (248) 351-6011
E-mail: deborah.lujan@ceflawyers.com

*Attorney for Defendants,*
*Systems & Services Technologies, Inc.*
*and Transworld Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2016, a copy of the foregoing was filed with the Clerk of the Court and served upon the following via electronic mail:

8

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:28

Jan J. Rubinstein, Esq.
The Rubinstein Law Firm
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
Telephone: (248) 220-1415
Facsimile: (248) 213-6394
E-mail: jjrubinstein@yahoo.com
Attorney for Plaintiff

*/s/ Deborah A. Lujan*
Deborah A. Lujan, Esq.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

## STATE OF MICHIGAN
## IN THE 6th JUDICIAL CIRCUIT COURT

---

LESLEY A. FLOOD,

            **Case No. 2016-153202-CP**

      **Plaintiff,**

            **Honorable Judge Jarbou**

v.

**SYSTEMS & SERVICES TECHNOLOGIES, INC.**
**and TRANSWORLD SYSTEMS INC.,**

      **Defendants.**

---

### DEFENDANT, TRANSWORLD SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Transworld Systems, Inc. ("TSI"), through counsel and under the Michigan Rules of Civil Procedure, hereby responds to the complaint filed by Plaintiff, Lesley A. Flood, and states:

### INTRODUCTION

1.    TSI admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., the Michigan Collection Practices Act (State Act), MCL § 339.901, et seq., the Michigan Consumer Protection Act, MCL § 445.902, et seq., and common law breach of contract, intentional infliction of emotional distress and negligent infliction of emotional distress, but denies any

1

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

violations, liability or wrongdoing under the law.  Except as specifically admitted, TSI denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2.    Upon information and belief, TSI admits the allegations in ¶ 2.

3.    TSI denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4.    TSI admits the allegations in ¶ 4.

5.    TSI denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6.    Upon information and belief, TSI admits venue is proper.  Except as expressly admitted, TSI denies the allegations in ¶ 6.

## FACTUAL ALLEGATIONS

7.    TSI reasserts the foregoing as if fully stated herein.

8.    Upon information and belief, TSI admits the allegations in ¶ 8.

9.    TSI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.   TSI denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11.   TSI denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.   Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 12 state otherwise, denied.

13. Exhibit B speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. Exhibit G speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, denied.

15. TSI denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. Exhibit C speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, denied.

17. Exhibit A and Exhibit D speak for themselves and are the best evidence of their content. To the extent the allegations in ¶ 17 state otherwise, denied.

18. Exhibit E speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, denied.

19. TSI denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. Exhibit F speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, denied.

21. TSI denies the allegations in ¶ 21.

22. TSI denies the allegations in ¶ 22.

23. TSI denies the allegations in ¶ 23.

### COUNT I- BREACH OF SETTLEMENT AGREEMENT AGAINST SST

24. TSI reasserts the foregoing as if fully stated herein.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

25.   Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 25 state otherwise, denied.

26.   Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 26 state otherwise, denied.

27.   TSI denies the allegations in ¶ 27.

28.   TSI denies the allegations in ¶ 28.

<strong>COUNT II- VIOLATIONS OF THE FDCPA</strong>

29.   TSI reasserts the foregoing as if fully stated herein.

30.   TSI denies the allegations in ¶ 30 and in each of its subparts.

31.   TSI denies the allegations in ¶ 31.

<strong>COUNT III- VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT</strong>

32.   TSI reasserts the foregoing as if fully stated herein.

33.   TSI denies the allegations in ¶ 33 and in each of its subparts.

34.   TSI denies the allegations in ¶ 34.

<strong>COUNT IV- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 AGAINST DEFENDANT TRANSWORLD SYSTEMS, INC.</strong>

35.   TSI reasserts the foregoing as if fully stated herein.

36.   TSI denies the allegations in ¶ 36.

37.   TSI denies the allegations in ¶ 37 as calling for a legal conclusion.

38.   TSI denies the allegations in ¶ 38.

39.   TSI denies the allegations in ¶ 39.

40.   TSI denies the allegations in ¶ 40.

41.   TSI denies the allegations in ¶ 41.

42.   TSI denies the allegations in ¶ 42.

43.   TSI denies the allegations in ¶ 43.

44.   TSI denies the allegations in ¶ 44.

45.   TSI denies the allegations in ¶ 45.

46.   TSI denies the allegations in ¶ 46

47.   TSI denies the allegations in ¶ 47.

48.   TSI denies the allegations in ¶ 48.

49.   TSI denies the allegations in ¶ 49.

50.   TSI denies the allegations in ¶ 50.

51.   TSI denies the allegations in ¶ 51.

52.   TSI denies the allegations in ¶ 52.

## COUNT V- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS

53.   TSI reasserts the foregoing as if fully stated herein.

54.   TSI denies the allegations in ¶ 54.

55.   TSI denies the allegations in ¶ 55.

56.   TSI denies the allegations in ¶ 56.

57.   TSI denies the allegations in ¶ 57.

58.   TSI denies the allegations in ¶ 58.

59.   TSI denies the allegations in ¶ 59.

## COUNT VI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

60.   TSI reasserts the foregoing as if fully stated herein.

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

61. TSI denies the allegations in ¶ 61.

62. TSI denies the allegations in ¶ 62.

63. TSI denies the allegations in ¶ 63.

64. TSI denies the allegations in ¶ 64.

65. TSI denies the allegations in ¶ 65.

66. TSI denies the allegations in ¶ 66 and in each of its subparts.

### COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. TSI reasserts the foregoing as if fully stated herein.

68. TSI denies the allegations in ¶ 68.

69. TSI denies the allegations in ¶ 69.

70. TSI denies the allegations in ¶ 70.

71. TSI denies the allegations in ¶ 71.

72. TSI denies the allegations in ¶ 72.

### COUNT VIII- DECLARATORY AND INJUNCTIVE RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEENDANTS

73. TSI reasserts the foregoing as if fully stated herein.

74. TSI denies the allegations in ¶ 74 as calling for a legal conclusion.

75. TSI denies the allegations in ¶ 75 as calling for a legal conclusion.

76. TSI denies the allegations in ¶ 76.

77. TSI denies the allegations in ¶ 77.

78. TSI denies the allegations in ¶ 78 and in each of its subparts.

### COUNT IX- INDIVIDUAL RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

79.   TSI reasserts the foregoing as if fully stated herein.

80.   TSI denies the allegations in ¶ 80.

## AFFIRMATIVE DEFENSES

1.   To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.   TSI denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of TSI's purported violations.

3.   One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4.   Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.   Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6.   Plaintiff has failed to state a claim against TSI upon which relief may be granted.

7.   One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

8.   Plaintiff consented and authorized calls to the phone number in question.

9.   The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

7

10. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11. To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12. To the extent plaintiff was not the intended recipient of the calls, she has no standing to assert the claim.

13. The plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Original Complaint.

WHEREFORE, TSI requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Deborah A. Lujan
Deborah A. Lujan, Esq.
Collins, Einhorn, Farrell & Ulanoff, PC
4000 Town Center, 9th Floor
Southfield, MI 48075
Phone: (248) 351-5417
Facsimile: (248) 351-6011
E-mail: deborah.lujan@ceflawyers.com

*Attorney for Defendants,*
*Systems & Services Technologies, Inc.*
*and Transworld Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2016, a copy of the foregoing was filed with the Clerk of the Court and served upon the following via electronic mail:

8

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

Received for Filing Oakland County Clerk 2016 JUL 06 AM 09:30

Jan J. Rubinstein, Esq.
The Rubinstein Law Firm
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
Telephone: (248) 220-1415
Facsimile: (248) 213-6394
E-mail: jjrubinstein@yahoo.com
Attorney for Plaintiff

*/s/ Deborah A. Lujan*
Deborah A. Lujan, Esq.